**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANDREAS RUIZ-DIAZ,                                     :
Plaintiff                                              : Civil Action 25-180
                                                       :
v.                                                     :
                                                       :
                                                       :
                                                       :
PATRICK KING                                           :
Defendant                                              : February 6, 2025

## COMPLAINT

1.      This is a civil rights action brought under 42 U.S.C. § 1983 and Conn. Gen. Stat. § 52-571k arising from Plaintiff Andreas Ruiz-Diaz's false arrest and unreasonably prolonged detention by the Stamford Police Department. On May 18, 2023, Stamford Police Officer Patrick King arrested Mr. Ruiz-Diaz on a warrant that was based on false information, despite readily available evidence showing the charges lacked probable cause. As a result, Mr. Ruiz-Diaz was wrongfully imprisoned and suffered significant damages. On February 8, 2024, all charges were dismissed. Mr. Ruiz-Diaz brings this action for damages and accountability.

2.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1343(a)(4); this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful practices alleged herein occurred within this District and the Defendant conducts business in this District.

4.      Plaintiff Andreas Ruiz-Diaz is a citizen of the United States and resides in Stamford, Connecticut.

1

5.      Defendant Patrick King was at all relevant times a police officer employed by the City of Stamford, a municipal corporation in the State of Connecticut. He is sued in his individual capacity. At all relevant times Patrick King was acting under color of law.

6.      On March 27, 2023, Stamford police officers, including Defendant King, responded to Mr. Ruiz-Diaz's home for a reported domestic dispute.

7.      Mr. Ruiz-Diaz was arrested for Disorderly Conduct and Risk of Injury to a Minor. Several firearms were seized from his home pursuant to standard procedure.

8.      On April 7, 2023, Defendant King applied for an arrest warrant to arrest Mr. Ruiz-Diaz on charges related to the possession of illegal assault weapons and high capacity magazines.

9.      The warrant application contained false information, as all of Mr. Ruiz-Diaz's firearms and magazines were legally owned and registered with the state.

10.     The Connecticut State Police Special Licensing and Firearms Unit maintains a database of registered firearms.

11.     A simple check of the database, which Defendant King had access to, would have shown Mr. Ruiz-Diaz lawfully possessed the firearms.

12.     Instead of verifying the information, Defendant King made false statements in the warrant application, leading to Mr. Ruiz-Diaz's arrest without probable cause.

13.     On April 18, 2023, the arrest warrant issued.

14.     On May 18, 2023, Mr. Ruiz-Diaz was arrested. The arrest was highly public, occurring in front of Mr. Ruiz-Diaz's neighbors.

15.     After the arrest, the Connecticut State Police contacted the State's Attorney to advise that the firearms were lawfully possessed. The weapons charges were thereafter

dismissed. However, as a result of the false arrest, Mr. Ruiz-Diaz was incarcerated, had to pay more than $20,000 in legal and bail bond fees, lost wages from missing work, and suffered non-economic damages including emotional distress, pain and suffering, reputational harm, and diminution of his enjoyment of life's activities.

16.    King's actions were unreasonable, conscience-shocking, and caused Mr. Ruiz-Diaz deprivation of liberty and property on charges that lacked probable cause.

## FIRST CAUSE OF ACTION

### False Arrest – Violation of the Fourth Amendment (42 U.S.C. § 1983)

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as if fully set forth herein.

17.    By arresting and detaining Plaintiff without probable cause based on false information, Defendant King violated Plaintiff's clearly established right under the Fourth Amendment to be free from unreasonable seizure.

## SECOND CAUSE OF ACTION

### Malicious Prosecution – Violation of the Fourth Amendment (42 U.S.C. § 1983)

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

3

17.     By initiating and pursuing a criminal proceeding against Plaintiff based on false information and without probable cause, Defendant King violated Plaintiff's clearly established right under the Fourth Amendment to be free from unreasonable seizure.

## THIRD CAUSE OF ACTION

## Violation of Due Process - 42 U.S.C. § 1983

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as if fully set forth herein.

17.     By failing to verify readily available exculpatory information and making false statements to obtain an arrest warrant, King engaged in conduct that shocks the conscience and violated Plaintiff's right to due process under the Fourteenth Amendment.

## FOURTH CAUSE OF ACTION

## Deprivation of Equal Protection by Police Officer – Conn. Gen. Stat. § 52-571k

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as if fully set forth herein.

17.     By arresting Plaintiff without probable cause based on false information, when exculpatory evidence was readily available, Defendant King deprived Plaintiff of the equal protection of the laws and equal privileges and immunities under the laws of Connecticut, in violation of Conn. Gen. Stat. § 52-571k.

18.     Defendant King did not have an objectively good faith belief that his conduct was lawful.

19.     Plaintiff is entitled to damages and equitable relief under Conn. Gen. Stat. § 52-571k(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in an amount to be determined at trial;

(c) Attorneys' fees and costs incurred in this action;

(d) Pre-judgment and post-judgment interest; and

(e) Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF

By:/s/Alexander T. Taubes
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
Federal Bar No. ct30100